■ SATPAL KAUR, Respondent, v MARIA AMAN et al., Appellants, et al., Defendants. [839 NYS2d 205]—In an action to recover damages for personal injuries, the defendants Maria Aman and

Shahzadi Nighat appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Gavrin, J.), entered March 31, 2006, as, upon, inter alia, a jury verdict on the issue of liability finding, among other things, the defendant Maria Aman 75% at fault in the happening of the accident, and, upon, in effect, the denial of that branch of the motion of the defendant Maria Aman pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), made at the close of evidence at the trial on damages, is in favor of the plaintiff and against the defendant Maria Aman in the principal sum of $112,500.

Ordered that the appeal by the defendant Shahzadi Nighat is dismissed, as she is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant Maria Aman, with costs.

The jury determined that the plaintiff sustained a medically-determined injury or impairment which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for at least 90 out of the 180 days immediately following the accident (see Insurance Law § 5102 [d]; Licari v Elliott, 57 NY2d 230, 237 [1982]). Viewing the evidence in the light most favorable to the plaintiff, it cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).

Accordingly, the Supreme Court properly denied that branch of the motion of the defendant Maria Aman pursuant to CPLR 4401 which was for judgment as a matter of law dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.